```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

BANK OF NOVA SCOTIA                  )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )    Civil No. 2017-30
                                     )
INTERNAL REVENUE SERVICE, LAURIE     )
M. CHRISTIAN, ADDISON CHRISTIAN,     )
CHRISTOPHER CHRISTIAN, GLENFORD      )
ALBERT,                              )
                                     )
          Defendants.                )
                                     )
```

**ATTORNEYS:**

**Samuel T. Grey**
Nichols Newman Logan D'eramo & Grey
St. Croix, U.S.V.I.
    *For Bank of Nova Scotia,*

**Gretchen Shappert, United States Attorney**
**Angela Tyson-Floyd, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the Internal Revenue Service,*

**Joseph Caines**
Law Offices of Joseph Caines
St. Thomas, U.S.V.I.
    *For Laurie M. Christian,*

**Kevin A. Rames**
Law Office of Kevin A. Rames, P.C.
St. Croix, U.S.V.I.
    *For Addison Christian,*

**Christopher Christian**
New Carrolton, MD
    *Pro se defendant,*

**Francis E. Jackson, Jr.**
Law Offices of Francis E. Jackson Jr.
St. Thomas, U.S.V.I.
    *For Glenford Albert,*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Glenford Albert ("Albert") to dismiss the complaint in this action for failure to state a claim.

The Bank of Nova Scotia ("BNS") alleges that on or about March 25, 1992, Allan A. Christian borrowed $215,000 from BNS. Allan Christian executed and delivered a promissory note (the "Note") to BNS promising to repay BNS that sum with interest. Allan Christian delivered to BNS a real estate mortgage (the "Mortgage") encumbering certain property described as "Plot 172 (.707 U.S. acre) and Plot No. 173 (0.529 U.S. acre) both of Estate Two Brothers and Smithfield, West End Quarter, St. Croix, U.S. Virgin Islands as more fully shown on Drawing No. 2089 dated April 3, 1967" (the "Property") on St. Croix, United States Virgin Islands. *See* ECF No. 1, Exh. 1 at 15. BNS also alleges that (1) Albert holds a judgment lien on the Property; and (2) the U.S. Internal Revenue Service (the "IRS") holds a tax lien on the Property.

Allan Christian died while money was still owed on the Note. His interest in the Property passed to his heirs: Laurie M. Christian, Addison Christian, and Christopher A. Christian (collectively, the "Christians"). On or about October 1, 2015, the Christians defaulted on the Note and Mortgage.

On March 16, 2017, BNS filed a debt and foreclosure action in the Superior Court of the Virgin Islands. BNS named as defendants the Christians, the IRS, and Albert.

On July 7, 2017, Albert filed a motion to dismiss in this Court. *See* ECF No. 7. Albert asserts that on May 21, 2014, he filed a Release of Lien with the Office of Recorder of Deeds, St. Croix, U.S.V.I., which released the judgment lien on the Property. Albert attached a copy of the Release of Lien to his motion.

On July 14, 2017, BNS filed a document captioned "Notice of No Opposition." *See* ECF No. 11. In that document, BNS indicates that it had "no opposition to the dismissal of this action as it relates to . . . Albert." *Id.*

Federal Rule of Civil Procedure 41 ("Rule 41") authorizes a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Once a Rule 41(a)(1)(ii) notice is filed, it is

effective immediately, and the case is dismissed without any further order of the court. *See, e.g., Hester Indus., Inc., v. Tyson Foods, Inc.,* 160 F.3d 911, 916 (2d Cir. 1998) (explaining that "dismissal was effectuated by [Rule 41(a)(1)(ii)] stipulation of the parties"); *see also Gambale v. Deutsche Bank AG,* 377 F.3d 133, 139 (2d Cir. 2004).

Here, BNS has filed a document it describes as a "Notice," indicating that it does not object to the dismissal of Albert from this action. Accordingly, the Court will construe BNS's ""Notice of No Opposition," *see* ECF No. 11, as a notice of dismissal under Rule 41(a)(1)(ii).

The premises considered, it is hereby

**ORDERED** that BNS's claims against Glenford Allen are **DISMISSED;** and it is further

**ORDERED** that Albert's motions to dismiss docketed at ECF Numbers 7 and 24 are **MOOT.**

S\_____
**Curtis V. Gómez**
**District Judge**